IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| BANK OF BLUE VALLEY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:15-CV-09303-CM |
| | ) | |
| LASKER KIM & CO. LLP, | ) | |
| | ) | |
| Defendant. | ) | |

**AGREED PROTECTIVE AND CLAW BACK ORDER**

The Parties agree that during the course of discovery it may be necessary to disclose

certain confidential information relating to the subject matter of this action.  They agree that

certain categories of such information should be treated as confidential, protected from

disclosure outside this litigation, and used only for purposes of prosecuting or defending this

action and any appeals.  The Parties jointly request entry of this proposed Protective Order to

limit the disclosure, dissemination, and use of certain identified categories of confidential

information.

The Parties assert in support of their request that protection of the identified categories of

confidential information is necessary because the Parties anticipate that certain categories of

information, documents, and/or tangible things to be produced in this case will contain and will

require the exchange of sensitive business and proprietary information, financial information,

privileged information and/or other confidential, private information.  The Parties agree that such

information requires confidential treatment, warrants protection from public disclosure, and

merits limitations placed on its use by the Parties.

1

101439252 v.1

For good cause shown under Fed. R. Civ. P. 26(c), the Court grants the Parties' joint request and hereby enters the following Protective Order:

### 1.    SCOPE

This Protective Order shall govern the production, use, and disclosure of all Protected Documents and/or Privileged Documents (as each is hereinafter defined), produced by or to the Parties in this case, irrespective of whether such disclosure was voluntary or inadvertent.  This Protective Order shall govern the production, use, and disclosure of Protected Documents and/or Privileged Documents for the duration of and subsequent to the termination of this case in accordance with the terms and conditions contained herein.

### 2.    DEFINITIONS

For purposes of this Protective Order, the following terms shall have the meanings indicated:

A.    "Confidential Information" --  As used in this Order, "Confidential Information" is defined as information that the producing party designates in good faith has been previously maintained in a confidential manner and should be protected from disclosure and use outside the litigation because its disclosure and use is restricted by law or could potentially cause harm to the interests of disclosing parties or nonparties.  For purposes of this order, the Parties agree that "Confidential Information" includes documents that contain or refer to trade secrets, proprietary or business information or other confidential research, including, without limitation, current and prospective customer lists, business plans, budgets, and financial information, that if disclosed to a business competitor or the general public may cause injury to the disclosing entity's competitive position.

2

B.      "Counsel" -- The law firms who are counsel of record for the Parties in this matter, as well as any personal and/or in-house counsel to a Party or a Party's affiliated entities who have primary responsibility and oversight for this case, including Counsels' regularly employed attorneys and staff who are authorized to receive information in connection with work related to this case.

C.      "Disclosure," "Disclosed," and "Disclosing," – The voluntary, inadvertent, or required sharing, production, exchange, or disclosure of Documents, or any excerpt thereof, including each and any required disclosure statement, interrogatory answer, response to a request for production of documents, response to a request for admission, deposition or other sworn statement, or any other discovery response, or any portion thereof, or the use of any Documents or excerpts thereof in any pleadings, motions, briefing, hearing, or trial of this case.

D.      "Documents" -- Any information or documents (regardless of the medium or manner generated, stored, maintained, or produced and regardless of whether such information or document is a Privileged Document or Protected Document) or any tangible things disclosed, exchanged, or produced in connection with this litigation, including, without limitation, all originals and copies, duplicates, drafts, and recordings of any written, graphic or any otherwise recorded matter, all "writings" as defined in Section 1001 of the Federal Rules of Evidence, written or printed material, tangible things, electronic records or media, electronically stored information, or other materials, and any documents, tangible things or other information contained in required disclosures or other responses to discovery requested in this litigation. Documents shall also include (a) any information, documents, or tangible things produced voluntarily or by agreement without the receipt of a formal discovery request, (b) extracts or

101439252 v.1

notes taken from or testimony relating to documents exchanged, disclosed, or produced in this case, and (c) with respect to electronically stored information, any extracted text or metadata associated with produced information.  The term "Document" is used in the broadest possible sense as interpreted under the Federal Rules of Civil Procedure.

E.      "Parties" – Plaintiff, Bank of Blue Valley, and Defendant, Lasker Kim & Co., LLP.

F.      "Privilege" or "Privileged Documents" – Documents protected by any common law or statutory privilege, protection, or immunity, including, but not limited to any attorney-client privilege, work product protection, joint or common interest doctrine, information that is subject to protection as trial preparation material, or that is protected from discovery by any other applicable privilege, protection, immunity, law, or rule.

G.      "Producing Party" – The party or any other persons or entities Disclosing Documents.

H.      "Protected Documents" – Documents that have been designated as "Confidential" pursuant to the terms and procedures of this Protective Order or that contain Privileged information.

I.      "Requesting Party" – The Party seeking or receiving Disclosed Documents.

**3.      FORM AND TIMING OF DESIGNATIONS**

A.      <u>Disclosure of Documents</u>.  Documents that a Party deems to contain Protected Documents shall be identified and designated as such.  Protected Documents shall be designated by marking the Disclosed Document(s) with the legend "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" (the "marking") as appropriate, on each electronic image or page of a

101439252 v.1

Document designated as Protected Documents in a manner that will not interfere with the legibility of the Disclosed Document(s). To the extent reasonably possible, and except as provided in Paragraphs 3(C), 3(D), and 4 herein, the identification and designation of Protected Documents shall be made at the time of the Disclosure of Documents to the Requesting Party. Applying the marking to a Document does not mean that the Document has any status or protection by statute or otherwise except to the extent and purposes of this Order.  Copies that are made of any Protected Documents must also bear the marking, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.  By marking a designated document as containing Confidential Information, the designating Counsel thereby certifies that the document contains Confidential Information as defined in this Order.

B.     Depositions:  The Producing Party or witness will identify on the record the portions of the transcript (including exhibits) that contain Protected Documents or will submit a letter making that identification within fifteen (15) business days of receipt of an official final—following the thirty (30) day witness signature period—transcript or a copy thereof.  The entire deposition transcript shall be treated as Confidential Information under this Protective Order until fifteen (15) business days after the thirty (30) day witness signature period has expired. The following legend shall be placed on the front of the original deposition transcript and each copy of the transcript containing Protected Documents:  **"CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."**   If the deposition or sworn testimony is videotaped, the videocassette, other videotape container, or DVD shall also include this legend.

101439252 v.1

C.      Document Inspections: The Parties agree that in some instances it may not be possible to identify or designate Documents as constituting or containing Protected Documents prior to inspection or Disclosure of Documents due to the volume of the Documents and/or the legitimate desire of a Party not to mark its original records.  Consequently, at the time of the inspection, all Documents shall be treated as ""Confidential Information" and no Documents produced for inspection and copying by a Party shall be removed from the site of the inspection or copied until the Producing Party has had an opportunity to review and designate such Documents with any necessary designation.  The Producing Party shall designate Protected Documents in the manner previously set forth within twenty (20) business days following the inspection and identification of Documents to be copied, or such other time as agreed to by the Requesting Party and Producing Party.

D.      Electronically Stored Information and Other Media.  To the extent that any Party or Counsel creates, develops or otherwise establishes on any digital or analog machine-readable device, recording or electronic storage media, computers, discs, networks, or tapes any Documents, information, files, databases or programs that contain Protected Documents, received from a Producing Party, the receiving Party and its Counsel must take reasonable steps to insure that access to any electronic, network, database or other storage media is properly restricted to those persons who, under the terms of this Protective Order, may have access to Protected Documents.

E.      Effect. Designation of Documents as Protected Documents shall not preclude the Requesting Party from using such Documents for all purposes relating to this case or at trial. However, Disclosed Documents designated as Protected Documents shall not be used by the

6

Requesting Party for any purpose other than for the prosecution, defense, mediation, settlement, pretrial proceeding, trial or appeal of the case.

### 4. LATER DESIGNATIONS OF PROTECTED DOCUMENTS

The inadvertent or unintentional Disclosure of Documents containing Protected Documents shall not constitute a waiver, in whole or in part, of the protections afforded such Documents. Any Document not initially designated as Protected Documents, but which contains Protected Documents may be so designated at a later time, by advising all Parties in writing. In such event, all Parties and their Counsel that receive the Protected Documents shall make reasonable efforts to obtain from each person and entity to whom the Party or Counsel has disclosed the Protected Documents and to whom the provisions of Paragraph 8 apply, if any, an executed Non-Disclosure Agreement, as set forth in Paragraph 8 herein. Further, to the extent any such individual is not a Qualified Person, as set forth in Paragraph 7 herein, the Party shall make reasonable efforts to direct such person or entity to return immediately the originals and all copies of the Protected Documents to Counsel for the disclosing Party.

### 5. GOOD FAITH

The Parties and their Counsel shall act in good faith in designating materials as Protected Documents.

### 6. OBLIGATIONS OF COUNSEL

It shall be the responsibility of Counsel herein to ensure strict compliance with the provisions of this Protective Order in their dealings with Protected Documents, and Counsel shall take all reasonable and proper steps to ensure that this Protective Order and all provisions thereof are made known to any person who examines such Protected Documents as provided herein. All

101439252 v.1

such Protected Documents, including any and all copies thereof, shall be kept by Counsel in a place appropriately safe, given its status and each Party shall exercise due care in its handling.

### 7.   DISCLOSURE OF PROTECTED DOCUMENTS

A.   Use of "Confidential" Documents.   Except upon receipt of the prior written consent of the Producing Party, Protected Documents designated as "Confidential" may be disclosed to Parties and third persons only to the extent such disclosure is necessary to assist in the prosecution, defense, mediation, or settlement of this case, and only to and as follows:

1.   The Court and Court personnel, including stenographic reporters;

2.   Members of any jury empanelled in this case;

3.   Counsel for each Party; and

4.   "Qualified Persons" as identified below:

a.   The Parties and any employees of the Parties or any parent, subsidiary, or affiliated entity of the Parties and such entities' employees, insurers of the Parties provided however, that such disclosure is necessary to assist in the prosecution, defense, mediation, or settlement of the litigation;

b.   Mediators, experts, or consultants (together with their administrative staff) retained by Counsel to assist in the prosecution, defense, mediation, or settlement of the case;

c.   Litigation support services, including outside copying services, jury consultants and individuals participating in mock juries for such consultants, court reporters, stenographers, or companies engaged in

101439252 v.1

the business of supporting computerized or electronic litigation discovery or trial preparation retained by and working at the direction of a Party or its Counsel for the purpose of assisting that Party in the prosecution, defense, mediation, settlement, trial or appeal of the case;

        d.      A witness or potential witness in the case who, but for this provision, would not otherwise be authorized to view the Protected Documents in question, provided that: (i) the disclosure is limited to that which is reasonably necessary to develop evidence in the course of this case; (ii) the disclosure is made for the purpose of advancing the disclosing Party's claims or defenses, and for no other purpose; (iii) Counsel for the disclosing Party endeavors in good faith to redact or handle the Protected Documents in such a manner as to disclose no more Protected Documents than is reasonably necessary in order to develop evidence; (iv) the witness or potential witness is not permitted to retain the Protected Documents after the witness or potential witness is questioned regarding the Protected Documents; (v) the witness or potential witness is explicitly informed that this Protective Order forbids him or her to disclose the Protected Documents except as otherwise permitted under this Protective Order and that he or she is subject to this Court's jurisdiction for the purposes of enforcing this Protective Order; and (vi) the witness or potential witness executes the Non-Disclosure Agreement as set forth in Paragraph 8 herein.

101439252 v.1

e.      A deposition witness may review the entire deposition transcript and exhibits thereto in order to review and sign the deposition pursuant to Fed.R.Civ.P. 30(e);

f.      Any other person whom the Court directs should have access to Protected Documents; and

g.      Any other person to whom the Producing Party agrees in writing or on the record may have access to Protected Documents.

## 8.     NON-DISCLOSURE AGREEMENTS

Before receiving any Protected Documents, each person within the scope of paragraphs 7 A.4 a and 7 A.4.d. shall be provided a copy of this Protective Order and shall execute a non-disclosure agreement in the form of Attachment A.  The signing of Attachment A by a representative of an organization shall be sufficient to bind the organization and those within the organization who access Protected Documents covered by the non-disclosure agreement.  The representative shall be responsible for making sure others in the organization who have or are given access to Protected Documents are informed of the restrictions that bind them.

Counsel for the Parties are responsible for employing reasonable measures to control, consistent with this Protective Order, access to, and duplication of Protected Documents, including any abstracts and summaries thereof.  Counsel for the Parties shall also maintain the originals of each Attachment until the final resolution of this case.  The Attachments, as well as the information noted therein, shall not be subject to discovery except upon agreement of the Parties or further order of the Court after application upon notice and good cause shown.

101439252 v.1

### 9.     FILING OF CONFIDENTIAL INFORMATION

In the event a Party seeks to file any Protected Documents with the Court, that Party must take appropriate action to insure that the Document receives proper protection from public disclosure including: (a) filing a redacted document with the consent of the Party who designated the document as Protected; (b) where appropriate (e.g., in relation to discovery and evidentiary motions), submitting the Document solely for in camera review; or (c) when the preceding measures are inadequate, seeking permission to file the Document under seal by filing a motion for leave to file under seal in accordance with D. Kan. Rule 5.4.6. Where such pleading is filed under seal, such pleading shall display a bold heading on its first page in substantially the following form: "**FILED UNDER SEAL – SUBJECT TO COURT ORDER PROHIBITING PUBLIC DISCLOSURE."** Nothing in this Order will be construed as a prior directive to allow any document to be filed under seal. The parties understand that the requested documents may be filed under seal only with the permission of the court after proper motion. If the motion is granted and the requesting party permitted to file the requested documents under seal, only counsel of record and unrepresented parties will have access to the sealed documents. Pro hac vice attorneys must obtain sealed documents from local counsel.

### 10.     CLIENT CONSULTATIONS

Nothing in this Protective Order shall prevent or otherwise restrict Counsel from rendering advice to their clients in this case and, in the counsel thereof, relying generally on the review of Protected Documents; provided, however, that in rendering such advice and otherwise communicating with such client, Counsel shall not make specific disclosure of any item so designated except as provided for in this Protective Order.

101439252 v.1

**11.   CONCLUSION OF THE LITIGATION**

Within thirty (30) days after entry of a final judgment or dismissal with prejudice, whether by this Court or an appellate court, which finally disposes of all issues raised in these litigations, against all Parties, Counsel and all other persons having possession or control of another Party's Protected Documents shall, at the written request of the Producing Party, return all such Protected Documents and any copies thereof to Counsel for the Producing Party, or shall certify to the Counsel for the Producing Party the destruction thereof.

Notwithstanding the foregoing, Counsel  may retain a complete set of documents filed with the Court and may maintain a complete set of all documents and other Protected Documents produced during the course of this litigation as part of Counsel's official file; provided, however, that the provisions of this Protective Order remain in full force and effect with respect to any Documents retained pursuant to this paragraph.

Nothing contained herein shall require Counsel or the producing Party or the producing Party's insurer to search or retrieve Protected Information that may be contained on storage media that is not reasonably accessible, including backup media, provided that such storage media was created for disaster recovery purposes or software or hardware upgrade and data migration purposes only, conducted in the ordinary course of business.

**12.   CHALLENGES TO A CONFIDENTIAL DESIGNATION**

A Party shall not be obligated to challenge the propriety of designating any Protected Documents at the time such designation is made, and failure to do so shall not preclude a challenge thereto.  In the event that a Party disagrees at any stage of these proceedings with the designation by the Producing Party of any information as Protected Documents, the Parties shall

101439252 v.1

try first to resolve such dispute in good faith on an informal basis.  If, however, the dispute cannot be resolved, the objecting Party may seek appropriate relief from the Court by filing and serving a motion that identifies the challenged material and sets forth the basis for the challenge. The burden of proving the necessity of a confidentiality designation remains with the party asserting confidentiality. Until otherwise agreed to by the Parties or an Order is entered by the Court, the Documents shall be treated as originally designated.  The Parties may by stipulation provide for exceptions to this Order and any Party may seek an order from this Court modifying this Protective Order.  This Order shall be without prejudice to any Party's right to bring before this Court at any time the question of whether any particular Document is or is not, in fact, Protected Documents.

13.     SANCTIONS

Any person, subject to this Protective Order including those individuals bound by Non-Disclosure agreements, who violates this Protective Order, may be subject to all sanctions as provided by the Federal Rules of Civil Procedure and the case law construing same, including monetary fines or penalties and/or a finding of civil contempt.

14.     OBJECTIONS PRESERVED

This Protective Order is intended to provide a mechanism for handling the disclosure and production of Protected Documents as to which a Party has no objection to Disclosure other than that the Document requires confidential treatment.  In that regard:

> A.     The Parties each reserve the right to object to any Disclosure of Documents on any grounds that it may deem appropriate;

101439252 v.1

B.      Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this case;

C.      The entry of or consent to this Protective Order shall not be construed as a waiver of any right to object to the furnishing of Documents in response to discovery and, except as expressly provided herein, shall not relieve any Party of the obligation to produce information in the course of discovery; and

D.      The production and/or receipt of Documents and Protected Documents by a Party under the terms of this Protective Order shall not be construed to mean that the Producing Party has waived any objection to the production, relevancy, or admissibility of the Documents.  Nothing contained herein shall preclude any Party from opposing discovery on any basis.

E.      Nothing contained in this Protective Order shall be construed to alleviate or otherwise alter a Party's contractual or legal obligation to otherwise preserve the confidential nature of other individuals' or entities' documents the Party may possess, or to notify them of the request to Disclose such information.

### 15.    NO ADMISSION

Neither the Parties' agreement with regard to this Protective Order, nor a Party's decision to designate Documents as Protected Documents, nor the failure of a Party to challenge another Party's designation of a Document or other matter shall be deemed to be or treated as an admission or stipulation to the effect that the Documents are, in fact, Protected Documents.

101439252 v.1

### 16.   INADVERTENT DISCLOSURE

If any Documents designated as Protected Documents are inadvertently disclosed to persons other than those identified in paragraph 7 above, the Requesting Party who received the Protected Documents in the first instance shall promptly notify the Producing Party of the inadvertent disclosure, in writing, and make every reasonable effort to prevent further unauthorized disclosure by attempting to promptly retrieve all copies of the Documents containing Protected Documents from the unauthorized recipients thereof and securing the agreement of the unauthorized recipients not to further disseminate the Protected Documents in any form.  Compliance with the foregoing shall not prevent a Party from seeking further relief from the Court.

### 17.   CLAW BACK PROVISIONS REGARDING PRIVILEGED DOCUMENTS

A.      Notwithstanding any other provision of this Protective Order, the production of documents by any Party will not operate as a waiver of any Privilege.  If a Party Discloses Privileged Documents such Disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of such Privilege applicable to such Disclosed Privileged Document or any related subject matter, in this litigation or in any other court, administrative action, investigation, or legal proceeding.

B.      Any Party who realizes that it, he, or she has produced or received Disclosed Privileged Document, as soon as practicable, shall (i) notify, in writing, all other Parties and/or other persons producing or receiving such information that disclosure was made, (ii) identify the Document(s) Disclosed, (iii) make reasonable efforts to retrieve all copies of and prevent further Disclosure of the Disclosed Privileged Documents, and (iv) refrain from using or further

disclosing the Disclosed Privileged Document (including, but not limited to, using the information in depositions or at trial). Any person or entity receiving notice that Disclosed Privileged Information has been produced shall, within three (3) business days, return, destroy, sequester or delete all copies of the Disclosed Privileged Document, as well as any abstracts, charts, memoranda, notes, summaries, compilations, or indices of same, and provide a representation of Counsel, in writing, that all such information has been returned, destroyed, sequestered or deleted. To the extent the claim of Privilege is disputed, the Parties shall meet and confer to resolve any such dispute, and in the event such dispute cannot be resolved, the Party receiving such information may promptly present the information to the Court, under seal, pursuant to the Local Rules of this Court, and seek such further relief from the Court regarding the claim of Privilege. The Party claiming the Privilege shall preserve the Disclosed Privileged Information until the claim of Privilege is resolved either by agreement of the Parties or by the Court.

C.     The Parties contemplate that the documents that may be requested or produced in this case may be voluminous and may be produced in this action without a full and complete Privilege review. For the sake of efficiency and mitigation of costs related to the production of documents, the Court finds that the procedures described herein, constitute reasonable steps by the Parties to preserve any applicable Privileges, without further showing.

**18.     USE OF PROTECTED DOCUMENTS AT TRIAL OR HEARING.**

Notwithstanding anything in this Protective Order to the contrary, the question of whether any additional or lesser restrictions governing the use of Protected Documents at trial or hearings can and will be determined at a later date by the Court.

19.   SUBPOENAS

Any Party, person or entity in possession of Protected Documents that receives a subpoena or other process from any person or entity who is not subject to this Protective Order, which subpoena or process seeks production or other Disclosure of such Protected Documents, shall within three (3) business days give written notice to Counsel for the Producing Party who designated the materials as Protected Documents, identifying the materials sought and enclosing a copy of the subpoena or other process.  The Party, person, or entity receiving the subpoena or process shall also inform the person seeking the Protected Documents, in writing, that such information is subject to this Protective Order.  No production or other disclosure of the Protected Documents pursuant to the subpoena or other process shall occur before the last date on which production can be made as specified in or required by the subpoena or other process, and then, only if no objection or motion to quash has been filed by, or on behalf of the Producing Party.  Where an objection or motion to quash has been filed, the party, person or entity receiving the subpoena or process shall act in accordance with the dictates of the court controlling the matter.  Nothing contained within this paragraph shall obligate any Party or person who receives a subpoena or other process seeking the production or disclosure of Protected Documents to resist such production or disclosure, or be construed as encouraging any Party or person not to comply with any court order, subpoena, or other process.

20.   ORDER SUBJECT TO MODIFICATION

This Order is subject to modification by the court on its own motion or on motion of any party or any other person with standing concerning the subject matter.  The Order must not,

101439252 v.1

however, be modified until the parties have been given notice and an opportunity to be heard on the proposed modification.

### 21.   USE OF DOCUMENTS IN COVERED PARTY'S POSSESSION.

Notwithstanding anything in this Protective Order to the contrary, the provisions of this Protective Order shall not prohibit the use by any Party of any Protected Documents that is currently in the Party's lawful possession, custody or control, or that later comes into the possession of the Party from others lawfully in possession of such Protected Documents who are not Parties to the case or otherwise bound by this Protective Order.  Additionally, nothing contained in this Protective Order shall limit the disclosure of Protected Documents to any person or entity who authored or who was already in the lawful possession or later comes into lawful possession of any such information.

### 22.   SURVIVAL

The court's jurisdiction to enforce the provisions of this Order will terminate on the final disposition of this case or transfer of venue.  But a Party may file a motion to seek leave to reopen the case to enforce the provisions of this Order.

### 23.   EFFECTIVE DATE

By affixing their signatures below, the Parties agree to abide by the terms of this stipulation until this Protective Order or a further protective order is entered by the Court.  Upon the signing of this Protective Order by the Court, this Protective Order shall be effective as against all Party signatories hereto as of the date of such signature of that Party or Party's representative, thereby rendering this Protective Order effective nun pro tunc to the date of such Party's signature.

18

101439252 v.1

**IT IS SO ORDERED.**

Dated:  May 13, 2016

         s/ James P. O'Hara   _
U.S. Magistrate Judge

**WE SO MOVE**
**and agree to abide by the**
**terms of this Order**

/s/ Ashley Dillon #   78477
Signature

Ashley Dillon
Printed Name

Counsel for: Bank of Blue Valley

Dated:  May 13, 2016

**WE SO MOVE**
**and agree to abide by the**
**terms of this Order**

/s/ Kelvin J. Fisher   # 22014
Signature

Kelvin J. Fisher
Printed Name

Counsel for: Lasker Kim & Co., LLP

Dated: May 13, 2016

101439252 v.1

Attachment A

## NONDISCLOSURE AGREEMENT

I, _____, do solemnly swear that I have read and am fully familiar

with the terms of the Protective Order entered in *Bank of Blue Valley v. Lasker Kim & Co., LLP*,

Case No. 2:15-CV-09303, filed in the United States District Court for the District of Kansas, and

hereby agree to comply with and be bound by the terms and conditions of said Protective Order

unless and until modified by further order of this Court.  Along these lines, I understand that

pursuant to the Protective Order, if signing as a representative of an organization, my obligations

include, among other things, making certain that others within my organization who have or are

given access to Protected Documents, as defined in the Protective Order, are informed of the

restrictions that bind them.  I hereby consent to the jurisdiction of said Court for purposes of

enforcing the Protective Order.


DATE: _____                    _____
                                          Name

                                          _____
                                          Company if in representative capacity

                                          _____
                                          Title

CORE/0766752.0565/124738680.1